JOHN NEWELL'S CASE.

Kennebec.    Opinion October 2, 1922.

*An agreement for compensation made by employee and employer and approved by the Commission, under the Workmen's Compensation Act, is binding and final except that a review may be had if the petition therefor is filed within two years from the date of such approval, and within the time for which compensation was fixed under such agreement.*

Under the Workmen's Compensation Act, an agreement between employer and employee concerning compensation, when approved by the Labor Commissioner, has the binding force of a judgment. If, subsequently, by reason of changed conditions or otherwise, a remedy be essential, it must be had by an application for a review, seasonably entered.

On appeal by respondents. The only question involved in this case is the effect of an agreement between the employer and employee as to compensation which agreement was approved by the Commission. Under such circumstances the agreement is binding and the only remedy provided for relief in case of changed conditions is by a petition for a review seasonably filed. Under such circumstances the method of procedure in the instant case was not appro-

priate, being by an original petition, but should have been by a petition for a review. Appeal sustained. Award set aside. Petition dismissed.

The case is sufficiently stated in the opinion.

Petitioner not represented by counsel.

*Thomas N. Weeks, Perkins & Weeks and Robert Payson,* for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, ĿᴛASY, JJ.

DUNN, J. This record contains a single query, and it a simple one of pleading. An injured person and his quondam employer came to an agreement concerning the right of the one and the liability of the other under the Workmen's Compensation Act, the agreement being approved by the Labor Commissioner. That agreement was carried out, by payments in weekly installments at first, and eventually by a so-called final settlement; the latter evidenced by an acquittance containing the recital that it was subject to review and approval by the Industrial Accident Commission. In point of time, less than two months had gone, when he of the disability filed an original petition to the Commission, for compensation; using, in so doing, a blank form prepared by that tribunal. The petitioner,—not unlikely in sinister purpose,—failed to answer those plain and pertinent questions on the blank, truthful replies to which would have told of what had been done already in a compensatory way, by revealing the existence and whereabouts of the officially-approved agreement. However, the employer's insurance carrier set up the agreement, in bar, by way of answer. Nevertheless, the Chairman of the Commission heard the petition on its merits. Finding the petitioner to be partially incapacitated for work, the Chairman ordered the payment of compensation, erroneously supposing section fifteen of the act as governing the situation.

Once it has the approval of the Labor Commissioner, a workmen's act agreement has the binding force of a judgment. *Maxwell's Case,* 119 Maine, 504. If, subsequently, by reason of changed conditions or otherwise, a remedy be essential, it must be had by an application for a review, entered, within the statute's limita-

tion as to time, by any party in interest. Section 36 of the Act; *Gauthier's Case*, 120 Maine, 73; *Graney's Case*, 121 Maine, 500.

The original petition being inappropriate, the entry will be,

> *Appeal sustained.*
> *Award set aside.*
> *Petition dismissed.*